IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| **BRYAN HEATH BLAIR,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 18-1101-TMP |
| **NANCY A. BERRYHILL, Acting Commissioner OF Social Security,** | ) |
| **Defendant.** | ) |

_____

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**
_____

Before the court is plaintiff Bryan Heath Blair's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434, 1381-1385. (ECF No. 1.) The parties have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 12.) For the following reasons, the Commissioner's decision is affirmed.

I.  FINDINGS OF FACT

Blair applied for disability insurance benefits on May 1, 2014, and SSI on June 12, 2014, alleging a disability onset date of March 31, 2014. (R. 297-98; 299-307.) The claims were denied initially and on reconsideration. (R. 142; 143; 146; 147.) At Blair's request, an Administrative Law Judge ("ALJ") held a hearing

and issued a written decision. (R. 38-57.) In her written decision, the ALJ first found that Blair had not engaged in substantial gainful activity since the alleged onset date. (R. 43.) Second, the ALJ determined that Blair had the severe impairments of: "chronic bronchitis, healed fracture of vertebral column with spinal cord lesion, right hand fracture, major depressive disorder, intermittent explosive disorder, personality disorder, anxiety disorder, substance addiction disorders (alcohol) and drug addiction disorder (cocaine and amphetamine)[.]" (R. 43-44.) Third, the ALJ determined Blair did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 44.) The ALJ next determined that Blair retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) except he can:

> frequently handle and finger, can perform work that involves simple 1-2 step instructions with no more than 2 hours of concentration without a break and where changes are infrequent and gradually introduced and where the claimant has only occasional contact with supervisors and coworkers and no contact with the general public.

(R. 45.) Fourth, the ALJ found that the record contained "information insufficient upon which to make a finding regarding the existence of all of the claimant's past relevant work and the claimant's ability to perform such work" and thus utilized the expedited process authorized by 20 C.F.R. §§ 404.1520 and 416.920.

(R. 49.) The ALJ determined that while Blair may be capable of performing past relevant work, other jobs exist in the national economy that he also could perform. (R. 49.) Specifically, the ALJ found that "[t]ransferability of job skills is not material to the determination of disability" because the Medical-Vocational Rules support a finding of "'not disabled,' whether or not the claimant has transferable job skills[.]" (R. 50.) In the alternative, the ALJ found that, considering Blair's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which he could perform. (R. 50.) Thus, the ALJ found that Blair was not disabled. (R. 51.) The Social Security Administration's ("SSA") Appeals Council denied Blair's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1.)

Blair filed the instant action on June 13, 2018. (ECF No. 1.) Blair argues that the ALJ failed to properly weigh the evidence and assess his inability to perform substantial gainful work activity. (ECF No. 23 at 4.) Specifically, Blair argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ "failed to consider the longitudinal record, giving any 'weight' to the treating and non-treating sources' opinions. The opinion fails to show consideration of the record as a whole and should be overturned." (Id. at 5.) In the "Statement of the Facts" section of his brief, Blair also seems to assert that the

-3-

ALJ was erroneous in finding that his post-traumatic stress disorder ("PTSD"), neck pain, nervousness, visual impairments, and arthritis were not severe impairments. (Id. at 2.)

## II. CONCLUSIONS OF LAW

### A. Standard of Review

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B. The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

-6-

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is

not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Whether Substantial Evidence Supports the ALJ's Decision**

Blair's brief identifies possible bases of error but includes little in the way of argument or support. This court need not formulate arguments on plaintiff's behalf. See Moore v. Comm'r of Soc. Sec., 573 F. App'x 540, 543 (6th Cir. 2014); Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 491 (6th Cir. 2006); Behel v. Berryhill, No. 1:16-001042018, 2018 WL 3190917, at *10 (M.D. Tenn. Feb. 14, 2018). And issues raised in a perfunctory manner may be deemed waived. Moore, 573 F. App'x at 543; see also United States v. Stewart, 628 F.3d 246, 256 (6th Cir. 2010). Nonetheless, to the extent the court can identify discrete arguments, such arguments fail on the merits.

First, Blair appears to argue that the ALJ erred in determining his severe impairments at step two. (ECF No. 23 at 2.) Once an ALJ determines that one (or more) of a claimant's impairments is severe, the ALJ considers the "limitations and restrictions imposed by *all* of an individual's impairments, even those that are not 'severe.'" Kestel v. Comm'r of Soc. Sec., No. 18-3371, 2018 WL 6264400, at *3 (6th Cir. Nov. 29, 2018) (quoting Fisk v. Astrue, 253 F. App'x 580, 583 (6th Cir. 2007; SSR 96–8p, 1996 WL 374184, at *5) (emphasis added in Kestel). If an ALJ considers all of a claimant's impairments in the remaining steps of

-8-

the disability determination, then any perceived failure to find additional severe impairments at step two is not reversible error. Id.; see also Fisk, 253 F. App'x at 583; Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987)).

Here, while the ALJ determined that Blair's PTSD and other impairments were not severe, she also found several impairments were severe. (R. 13.) And she considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in the remaining steps of the disability determination. (R. 46.) Because the ALJ considered these impairments in the remaining disability analysis, this court need not decide whether the ALJ erred at step two. See Kestel, 2018 WL 6264400, at *4; Fisk, 253 F. App'x at 584; Maziarz, 837 F.2d at 244.

Second, Blair arguably claims that the ALJ erred in determining his RFC by failing to consider the longitudinal record, appearing to assert that "established findings on appropriate medically acceptable imaging, laboratories, both physical and mental health notes and diagnoses" supported greater restrictions. (ECF No. 23 at 4-5.) Likewise, Blair argues the ALJ failed to consider "treating source medical information and opinions from treating sources" regarding his limitations. (Id. at 5.) "[RFC] is defined as 'the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental

requirements of jobs.'" Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 399 (6th Cir. 2018) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c)). "'In formulating [an RFC], the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions.'" Id. (quoting Eslinger v. Comm'r of Soc. Sec., 476 F. App'x 618, 621 (6th Cir. 2012)); see also 20 C.F.R. § 404.1545(a)(3). In making this determination, the ALJ may consider both objective medical evidence of a severe medical condition, and the credibility of the claimant's subjective complaints. See Steagall v. Comm'r of Soc. Sec., 596 F. App'x 377, 381 (6th Cir. 2015); Schmiedebusch v. Comm'r of Soc. Sec., 536 F. App'x 637, 649 (6th Cir. 2013).

Substantial evidence supports the ALJ's RFC determination. The ALJ considered the treatment records, dating from July 2012 through September 12, 2017, and noted that Blair's physical examinations failed to show serious clinical signs of limitations. (R. 47-48.) Specifically, Blair exhibited normal sensory findings, motor function, gait, and posture in May 2014 and August 2014; no abnormalities in his neck, back, knee, neurogoloical system, or musculoskeletal system in May 2015; a normal neck assessment in January 2016; and no abnormalities other than of the ears, nose, and lungs in November 2016. (R. 47.) As to Blair's mental limitations, the ALJ considered his history of substance-abuse

related treatment and noted that the medical treatment history failed to show disabling-level mental limitations. (R. 48.) The ALJ also considered the only examining medical opinion that Blair submitted, from consultative ophthalmologist Sean Neel, M.D. (R. 49.) Blair otherwise fails to identify either any specific legal error or additional medical record or opinion that should have been considered. Even if he did, the ALJ's RFC determination was supported by substantial evidence and must be affirmed. Abbott, 905 F. 2d 918; Kirk, 667 F. 2d at 535.

Finally, Blair argues that the ALJ failed to "consider the record as a whole," specifically, his testimony regarding his history of both physical and mental pain. (ECF No. 16 at 14.) But the ALJ explicitly considered the credibility of Blair's testimony as to the severity of his impairments and limitations in light of the above-described evidence in the record. (R. 46-49.) For the reasons explained above, the ALJ's decisions were not legally erroneous and were otherwise supported by substantial evidence. This court may neither reweigh the evidence, see Ulman, 693 F.3d at 713; Barker, 40 F.3d at 794, nor articulate arguments on plaintiff's behalf. See Moore, 573 F. App'x at 543; Hollon, 447 F.3d at 491; Behel, 2018 WL 3190917, at *10. If substantial evidence (more than a mere scintilla) exists, the ALJ's decision must be affirmed. Abbott, 905 F. 2d 918; Kirk, 667 F. 2d at 535.

Such is the case here, and Blair's perfunctory arguments to the contrary are insufficient to warrant reconsideration.

### III. CONCLUSION

For these reasons, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ Tu M. Pham<br>
TU M. PHAM<br>
United States Magistrate Judge

March 27, 2019<br>
Date